IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY A. SCHMUCKER ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:15-CV-00567-JCH |
| v. ) | |
| ) | |
| PRECISION IRRIGATION, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF TIMOTHY SCHMUCKER'S MOTION TO DISMISS COUNTERCLAIM**

Under Rule 12(b)(1), this Court lacks subject-matter jurisdiction over Precision Irrigation's counterclaims because not one counterclaim is concerned with the number of hours which Schmucker worked per week or whether he received proper compensation for his overtime hours under the Fair Labor Standards Act.

Even if this Court were exercise jurisdiction over the counterclaims, an alternative ground for dismissal is that such state law-based counterclaims are rarely allowed in FLSA overtime and minimum wage proceedings. Further, under applicable pleading standards, Precision Irrigation fails to allege sufficient facts to state a claim for relief as to the claims for breach of fiduciary duty, professional negligence, fraudulent misrepresentation, or negligent misrepresentation. Therefore, dismissal is proper.

**I. LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard Rule 8 announces demands more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v.*

1

*Twombly*, 550 U.S. 544, 555 (2007)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Twombly*, 550 U.S. at 555). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* (citing *Twombly*, 550 U.S. at 557). In other words, factual allegations must be enough "to raise a right to relief above the speculative level.*"* *Twombly*, 550 U.S. at 555.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* (citing *Twombly*, 550 U.S. at 570). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

### a. Dismissal is Proper for Lack of Subject-Matter Jurisdiction

As courts of *limited* jurisdiction, the law imposes a presumption *against* the jurisdiction of federal district courts, *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir.1999), and such courts may exercise jurisdiction *only* when specifically authorized to do so, *see Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (emphasis added).

Precision Irrigation asserts this Court has ancillary jurisdiction because the counterclaims arise out of the same transaction or occurrence as the original action. Title 28 U.S .C. § 1367

"combines the doctrines of pendent and ancillary jurisdiction under a common heading" of supplemental jurisdiction. *Myers v. Richland County*, 429 F.3d 740, 746 (8th Cir. 2005) (citing *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 165 (1997)). "It provides in part that 'in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.' "*Myers*, 429 F.3d at 746 (citing 18 U.S.C. § 1367(a)). "Claims within the action are part of the same case or controversy if they 'derive from a common nucleus of operative fact.'" *Myers*, 429 F.3d at 746 (citing *City of Chicago*, 522 U.S. at 165). This is the familiar test from *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

In the context of the FLSA, several courts have rejected the notion that the employer-employee relationship single-handedly creates a common nucleus of operative fact between the FLSA claim and peripheral state law claims. *See, e.g., Lyon v. Whisman*, 45 F.3d 758, 762–64 (3rd Cir. 1995) (where employment relationship is only link between FLSA claim and state law claims, no common nucleus of operative fact exists and Article III bars supplemental jurisdiction); *Rivera v. Ndola Pharmacy Corp.*, 497 F.Supp.2d 381, 395 (E.D. N.Y. 2007) (employment relationship insufficient to create common nucleus of operative fact where it is sole fact connecting FLSA claim to state law claims); *Hyman v. WM Fin. Servs., Inc.*, No. 06–CV–4038, 2007 WL 1657392, at *5 (D. N.J. June 7, 2007) (exercising supplemental jurisdiction over state law claims unrelated to FLSA claim "would likely contravene Congress's intent in passing the FLSA"); *Whatley v. Young Women's Christian Assoc. of Nw. La., Inc.*, No. 06–423, 2006 WL 1453043, at *3 (W.D. La. May 18, 2006) (general employer-employee relationship does not create common nucleus of operative fact between FLSA claim and state law claims); *Kirby v.*

*Tafco Emerald Coast, Inc.*, No. 3:05CV341, 2006 WL 228880, at *2 (N.D. Fla. Jan. 30, 2006) (state law counterclaims for breach of contract and failure to repay promissory note do not share common nucleus of operative fact with FLSA claim where only factual connection is business relationship of the parties).

In *Lyon*, the Third Circuit considered whether supplemental jurisdiction existed over state law claims when plaintiff asserted a claim for unpaid overtime under the FLSA and "[t]he only link between [the federal and state claims was] the general employer-employee relationship between the parties." 45 F.3d at 762. It noted that plaintiff's FLSA claim for unpaid overtime involved "very narrow, well-defined factual issues about hours worked during particular weeks." *Id.* at 763. Because the court found very little overlap in the evidence relevant to the FLSA claim and the state law contract and tort claims, it concluded that the claims did not share a common nucleus of operative fact which would justify the exercise of supplemental jurisdiction. *Id.* In sum, the Third Circuit found "virtually no support" for the broad proposition that an employment relationship alone is sufficient to confer supplemental jurisdiction. *Id.* at 762.

Schmucker's FLSA claim is an equally narrow and well defined claim for unpaid overtime. Like the Third Circuit in *Lyon*, there is very little overlap in the evidence relevant to Schmucker's FLSA claim and the evidence relevant to Precision Irrigation's counterclaims for breach of fiduciary duty, professional negligence, fraudulent misrepresentation, or negligent misrepresentation. *See, e.g., Wilhelm v. TLC Lawn Care, Inc.*, Not Reported in F.Supp.2d, 2008 WL 640733 (D. Kan. 2008) (finding very little overlap in the evidence relevant to plaintiffs' FLSA claim and the evidence relevant to defendant's counterclaims for misappropriation of trade secrets, breach of the duty of loyalty, civil conspiracy, breach of fiduciary duty and accounting of profits). No counterclaim is concerned with the number of hours which Schmucker worked per

4

week or whether he received proper compensation for their overtime. *Id.* Accordingly, Precision Irrigation's counterclaims should be dismissed for lack of subject-matter jurisdiction.

### b. Dismissal is Proper because the Counterclaims Usurp FLSA Rights.

Counterclaims are rarely allowed in FLSA overtime cases and Precision Irrigation's improper counterclaims must be stricken. *Carda v. E.H. OFtedal & Sons, Inc., a Montana corporation,* CIV. 04-5036-KES, 2005 WL 2086280 (D.S.D. Aug, 26, 2005) (dismissing counterclaims because of Supremacy Clause issues.); *See, Wilhelm, et. al. v. TLC Lawncare, Inc.*, 2008 U.S. Dist. LEXIS (D. Kan., March 6, 2008) (dismissing counterclaims that were based "solely on its employer-employee relationship with plaintiffs"); *Torres v. Gristede's Operating Corp.*, 2008 U.S. Dist. LXIS 66066 (S.D.N.Y. Aug 28, 2008) (finding counterclaim had an *in terrorem* effect); *Villareal v. El Chile, Inc.*, 601 F. Supp. 2d 1011 (N.D. Ill. Feb. 25, 2009) (disallowing counterclaims because of possibility that counterclaims could predominate the FLSA claims).

Counterclaims, like those asserted by Precision Irrigation, are retaliatory in nature and should not be permitted in this case. The Fifth Circuit explained the rationale for forbidding counterclaims in FLSA cases:

> The FLSA decrees a minimum unconditional payment and the commands of that Act are not to be vitiated by an employer, either acting alone or through the agency of a federal court. The federal courts were not designated by the FLSA to be either collection agents or arbitrators for an employee's creditors. Their sole function and duty under the Act is to assure to the employees of a covered company a minimum level of wages. Arguments and disputations over claims against those wages are foreign to the genesis, history, interpretation, and philosophy of the Act. The only economic feud contemplated by the

5

> FLSA involves the employer's obedience to minimum wage and overtime standards. To clutter these proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act. Set-offs against back pay awards deprive the employee of the 'cash in hand' contemplated by the Act, and are therefore **inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions**….

*Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974), *overruled on other grounds, McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988) (emphasis added). [A]ctions initiated under FLSA are considered to have the purpose of enforcing a public right. *Donovan v. Pointon*, 717 F.2d 1320, 1323 (10th Cir. 1983). Permitting employers to try private claims against employees in such proceedings has been seen as "delay[ing] and even subvert[ing] the whole process." *Id.* Precision Irrigation's counterclaims should not be permitted in this FLSA case. *See Marshall v. Wallace Oil Co., Inc.*, 1980 WL 201, at *2; 24 Wage & Hour Cas 1059 (N.D. Ga. 1980) (striking employer's counterclaim for amounts employees borrowed from their employer).

    Asserting counterclaims to deter plaintiffs who seek to recover modest amounts of unpaid wages seems to be a common scare tactic for defendants. In the case before this Court, Precision Irrigation had ample opportunity to file the counterclaims as original claims in state court. It was not until Schmucker sought to enforce his FLSA rights that the Precision Irrigation retaliated and filed counterclaims. Precision Irrigation's counterclaims are a subterfuge used to clutter these proceedings and defy the very rights of an employee the FLSA was enacted to protect. The law prohibits such a result. *Brennan v. Heard*, 491 F. 2d at 4; *see also, Marshall v. Wallace*, 1980 WL 2101, at *2. Accordingly, Precision Irrigation's counterclaims should be dismissed.

### c. A Fiduciary Duty Never Existed to Support a Claim for Relief.

In its first counterclaim, Precision Irrigation does not assert Schmucker held the position of officer or director. Schmucker's accounting duties do not qualify him as an officer or director. "[E]very employee owes his or her employer a duty of loyalty." *Scanwell Freight Express STL, Inc. v. Chan*, 162 S.W.3d at 479 (citing *Nat'l Rejectors, Inc. v. Trieman,* 409 S.W.2d 1, 41 (Mo. banc 1966)). The heightened duty associated with a fiduciary relationship, however, requires that the employee or agent occupy a position "of the highest trust and confidence." *Western Blue Print Co., LLC v. Roberts*, 367 S.W.3d 7, 15 (Mo. 2012). While Missouri law holds that "officers and directors of public and closely held corporations are fiduciaries," employees such as, "a sales manager, a purchasing agent, and a branch office manager" are not. *Id.*

Schmucker did not have a fiduciary duty to Precision Irrigation as a matter of law. Precision Irrigation is incorrect in its assertion that Schmucker is a Certified Public Accountant. (Counterclaim, ¶ 5). Schmucker is not a Certified Public Accountant licensed to practice in Missouri. (Schmucker Aff. ¶ 1,2) (Herrmann Aff. ¶ 1). (The affidavit of Timothy Schmucker is attached hereto and incorporated herein as Exhibit A. The affidavit of Michael Herrmann is attached hereto and incorporated herein as Exhibit B.) There is no factual allegation that Schmucker served as an officer or director for Precision Irrigation. Moreover, an accountant is not *per se* an officer or director. Further, Schmucker's office duties certainly do not amount to the discretion and responsibility held by an officer or director. Schmucker was not within the "top echelon of corporate officials" when carrying out his job duties, nor did he have any authority to disregard Precision Irrigation's directives as to how he performed those duties. *Western Blue Print*, 367 S.W.3d at 16. There are no allegations in the counterclaim to the contrary.

The actual duties performed by Schmucker did not exercise independent judgment and discretion as part of the day to day performance of his duties. Rather, the owners and officers of Precision Irrigation controlled every aspect of Schmucker's duties and these owners and officers were themselves responsible for all major financial decisions and day-to-day operations of Precision Irrigation. Thus, Precision Irrigation's counterclaim for breach of fiduciary duty should be dismissed for failure to state a claim upon which relief can be granted.

### d.  Schmucker is Not a Professional, Licensed Accountant

Precision Irrigation's second counterclaim for professional negligence relies on the conclusory assertion that Schmucker is a Certified Public Accountant licensed to practice in Missouri. (Counterclaim, ¶ 5). Yet, Schmucker is not currently, nor has ever been, a Certified Public Accountant in any state. (Schmucker Aff. ¶ 1,2) (Herrmann Aff. ¶ 1). In professional negligence cases, the professional is held to a standard of care as "a member of a learned and skilled profession [and will have] a duty to exercise the ordinary and reasonable technical skill that is usually exercised by one in that profession." *Business Men's Assurance Co. of America v. Graham,* 891 S.W.2d 438, 453 (Mo. Ct. App. 1994). Schmucker did not act as a licensed certified public accountant for Precision Irrigation because the plaintiff does not hold such a license.  Precision Irrigation's counterclaim for professional negligence is conclusory, without a legal basis and should be dismissed because this Court is not bound to accept as true conclusory allegations devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### e.  Sufficient Factual Matter Does Not Exist for Each and Every Element of Fraudulent Misrepresentation or Negligent Misrepresentation Claims

Precision Irrigation's third and fourth claims of fraudulent misrepresentation and negligent misrepresentation are both treated "based on detrimental reliance on a factual misrepresentation" and "require justifiable reliance on the misrepresentation, whether it be

8

fraudulent or negligent. *Ryann Spencer Group, Inc. v. Assurance Co. of Am.,* 275 S.W.3d 284, 290–91 (Mo. App. 2008). Precision Irrigation's conclusory assertions that "Schmucker is a Certified Public Accountant licensed to practice in Missouri" (Counterclaim, ¶ 5) and Precision Irrigation "reasonably relied on Schmucker's representations" (Counterclaim, ¶¶ 32, 38) are conclusory and are grounds for dismissal because this Court is not bound to accept as true conclusory allegations devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Further, Precision Irrigation's assertions and omissions in its Counterclaim amount to "unjustifiable reliance" in three instances. 1) Precision Irrigation's absence of due diligence during the hiring process of Schmucker and presuming Schmucker was a Certified Public Accountant; 2) Precision Irrigation's ownership and control over the readily available financial documents that are the basis of the alleged harm; and 3) Precision Irrigation's notice in 2013 that late fees had accumulated and took no action to audit or even monitor subsequent payments made by Schmucker. Thus, grounds for dismissal under Rule 12(b)(6) because Precision Irrigation does not assert sufficient factual matter for each and every element of fraudulent misrepresentation nor negligent misrepresentation.

### f. Precision Irrigation's Assertions are Without Further Factual Enhancement.

Precision Irrigation's fourth counterclaim for negligent misrepresentation does not assert sufficient factual matter to each and every element. "The elements of negligent misrepresentation are: (1) the speaker supplied information in the course of his business; (2) because of the speaker's failure to exercise reasonable care, the information was false; (3) the information was intentionally provided by the speaker for the guidance of limited persons in a ***particular business transaction***; (4) the hearer justifiably relied on the information; and (5) due to the hearer's

9

reliance on the information, the hearer suffered a pecuniary loss." *ABC Seamless Siding & Windows, Inc. v. Ward*, 398 S.W.3d 27, 34-35 (Mo. Ct. App. 2013) (*citing Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 134 (Mo. banc 2010)) (emphasis added). Precision Irrigation does not assert a "business transaction" between Precision Irrigation and Schmucker. The alleged misrepresentations Precision Irrigation alludes to (i) [Schmucker] had paid and was paying the bulk fuel bills on time and when due; (ii) [Schmucker] terminated the housing leases for Precision Irrigation's seasonal employees; (iii) [Schmucker] had paid and was paying the life insurance premiums for James Nienhaus and John Loveless on time and when due; and (iv) [Schmucker] was calculating and submitting honest and valid expense reimbursements (Counterclaim, ¶ 34) are duties that fall within Schmucker's employment and not a business transaction between Schmucker and Precision Irrigation nor Schmucker and another party.

Further, Precision Irrigation relies on the assertion that Schmucker was to act as a "reasonably careful and competent Accountant" in similar circumstances. (Counterclaim, ¶ 37). As previously stated, Schmucker is not currently, nor ever been, a Certified Public Accountant in any state. (Schmucker Aff. ¶ 1) (Herrmann Aff. ¶ 1). Precision Irrigation's conclusory allegations that Schmucker is a Certified Public Accountant are grounds for dismissal because this Court is not bound to accept as true conclusory allegations devoid of further factual enhancement (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), and does not assert sufficient factual matter to each and every element for negligent misrepresentation.

## II. CONCLUSION

Federal courts are courts of limited jurisdiction. Defendant has failed to establish subject matter jurisdiction over claims that do not arise out of the same nucleus of operative fact

involved in a FLSA overtime matter. In addition, the counterclaims are little more than a retaliatory strike which have only been asserted once plaintiff sought relief under the FLSA. For all the reasons set forth herein, it is just and proper to grant plaintiff's motion to dismiss.

                                Respectfully submitted,

                                **WEISS ATTORNEYS AT LAW, P.C.**

By: */s/ James G. Nowogrocki*_____
    James G. Nowogrocki, #38559MO
    Richard D. Worth, # 61025MO
    1015 Locust, Suite 400
    St. Louis, Missouri  63101
    Phone:  314-588-9500
    Facsimile:  314-588-9595
    Email: jnowogrocki@weisslawstl.com
           rworth@weisslawstl.com
    ***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

       The undersigned certifies that a true and accurate copy of the foregoing was served by electronic filing in the CM/ECF system of the United States District Court, Eastern District of Missouri, Eastern Division on this 19th day of May 2015 to:

Charles B. Jellinek, #44462
Amanda E. Colvin, #61753
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
Tel: (314) 259-2000
Fax: (314) 259-2020
E-mail: cbjellinek@bryancave.com
E-mail: amanda.colvin@bryancave.com
**Attorneys for Defendant,**
**Precision Irrigation, Inc.**

                                */s/ James G. Nowogrocki*_____