## EXHIBIT A

| COUNTERCLAIM | FLSA COMPLAINT |
|---|---|
| 5.  Schmucker is a Certified Public Accountant licensed to practice in Missouri.<br><br>6.  Schmucker started working for Precision Irrigation in August 2007 as an Accountant. He resigned his employment with Precision Irrigation on or around June 13, 2014.<br><br>7.  From June 16, 2014 until November 2014, Schmucker provided periodic contractual accounting services to Precision Irrigation. | 10.  Plaintiff was continuously employed by defendant from July 2007 to November 2014. |
| 8.  In his role as an Accountant for Precision Irrigation, Schmucker was responsible for, among other duties: (i) preparing, examining, and analyzing Precision Irrigation's financial records, including employee payroll and customer financing; (ii) preparing the Company's state and federal income tax returns and ensuring other tax reporting obligations were fulfilled; (iii) maintaining employee files; (iv) ensuring payment of all Company accounts payable and invoicing and collection of all Company accounts receivable; (v) preparing periodic budgets and analyzing the Company's financial performance; (vi) ensuring the proper licensing of Company vehicles; (vii) meeting with insurance brokers and deciphering insurance plans for employees; and (viii) advising Precision Irrigation owners and management regarding retirement planning and savings options.<br><br>9.  One of Schmucker's more specific responsibilities in his role as Accountant for Precision Irrigation including ensuring proper payments for Company's bulk fuel purchases. | 11.  At all relevant times, the defendant manipulated the plaintiff's job title in an attempt to willfully circumvent its obligations to pay him overtime under the Fair Labor Standards Act. For example, defendant purported to call plaintiff its accounting manager and then later is controller, though plaintiff did not perform exempt duties in these positions. Throughout his employment, the defendant required that plaintiff punch a time clock to record his time on an hourly basis. Even though on occasion plaintiff registered that his work day stopped at 5:00 p.m., he continued working additional hours on those days with knowledge of the defendant for which he did not receive overtime compensation. While working at Precision Irrigation, plaintiff did not manage or supervise other employees and was not exempt from FLSA's overtime pay requirements.<br><br>12.  Based upon plaintiff's performance of his non-exempt work duties often extending beyond 5:00 p.m., and the performance of his non-exempt work duties on Saturdays and Sundays, all with the knowledge and acquiescence of the defendant during the |


EXHIBIT
A

10.     In late 2013, the Company discovered that, over the past approximately three years, Schmucker had been paying the fuel bills late and incurring excessive fees as a penalty for late payments.  Upon discovery of these fees, the Company had accrued approximately $30,000 in penalties as a result of of Schmucker's late payments.

11.     Schmucker admitted to incurring the $30,000.00 in penalties.  In lieu of terminations, Schmucker agreed to pay the Company back for $15,000.00 of the total penalty amount. Schmucker indicated that he wanted to make payments by way of $75.00 deductions from his pay check per pay period. The Company agreed to this payment schedule.

12.     To date, Schmucker has only repaid $1,575.00 of this original $15,000.00 repayment obligation. Accordingly, Schmucker still owes the Company $13,425.00 for the penalties he accrued.

13.     Schmucker was also responsible for ensuring proper payment of housing costs and proper renewal or cancellation of apartment leases for the Company's seasonal workers.

14.     In or around October, 2014, Precision Irrigation discovered that Schmucker had been paying these housing costs late and incurring late fees.  Schmucker incurred approximately $4,500.00 in late penalties on these housing fees.

15.     In or around October, 2014, Precision Irrigation also discovered that Schmucker failed to give the proper amount of notice mandated in the leases for termination of the leases.  As a result, the Company was forced to pay approximately $3,000.00 in rent for vacant, unused apartment.
Schmucker was also responsible for ensuring proper payment of life insurance premiums for

statutory period, plaintiff routinely worked in excess of forty (40) hours per work week without overtime compensation contrary to the provisions of Section 7(a) of the Act (29 U.S.C. Paragraph 207(a)).

13.     Defendant failed to pay overtime wages and other benefits to plaintiff by intentionally, willfully, and improperly designating his position as exempt from federal law in direct violation of the FLSA.

14. The actual duties performed by the plaintiff did not exercise independent judgment and discretion as part of the day to day performance of his duties.  Rather, the owners and officers of the defendant controlled every aspect of plaintiff's duties and these owners and officers were themselves responsible for all major financial decisions and day-to-day operations of Precision Irrigation.  Thus, the defendant could not claim plaintiff exempts from payment of overtime under the FLSA by sing a false job title.

| | |
|---|---|
| James Nienhaus and John Loveless, the owners of Precision Irrigation.<br><br>16.    In or around November, 2014, the Company discovered that Schmucker failed to pay quarterly premiums for Mr. Nienhaus' and Mr. Loveless' life insurance policies. As a result, the life insurance policies lapsed and it was too late to renew the policy for Mr. Loveless. Precision Irrigation was forced to purchase a new life insurance policy for Mr. Loveless, resulting in an approximately $2,000.00 yearly increase in the policy premiums for Mr. Nienhaus and Mr. Loveless. | |
| | |
| 10.    In late 2013, the Company discovered that, over the past approximately three years, Schmucker had been paying the fuel bills late and incurring excessive fees as a penalty for late payments. Upon discovery of these fees, the Company had accrued approximately $30,000 in penalties as a result of of Schmucker's late payments. | 15.  In addition, the defendant has an on-going and continuous practice of making improper deductions from plaintiff's purported "exempt salary" for plaintiff's alleged careless acts and defendant made numerous improper deductions during plaintiff's employment with Precision Irrigation, all in violation of the FLSA |
| 11.    Schmucker admitted to incurring the $30,000.00 in penalties. In lieu of terminations, Schmucker agreed to pay the Company back for $15,000.00 of the total penalty amount. Schmucker indicated that he wanted to make payments by way of $75.00 deductions from his pay check per pay period. The Company agreed to this payment schedule. | |
| 12.    To date, Schmucker has only repaid $1,575.00 of this original $15,000.00 repayment obligation. Accordingly, Schmucker still owes the Company $13,425.00 for the penalties he accrued. | |

3