**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| TIMOTHY A. SCHMUCKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15-cv-00567-JCH |
| | ) | |
| PRECISION IRRIGATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Timothy Schmucker's Motion to Dismiss Counterclaim, filed May 19, 2015. (ECF No. 6.) The Motion has been briefed and is ready for disposition.

**BACKGROUND**

The Complaint alleges the following facts. Defendant Precision Irrigation, Inc. (hereinafter, "Precision") was a Missouri corporation engaged in the business of designing, installing, and servicing commercial and residential lawn sprinkler systems. From July 2007 to November 2014, Precision employed Schmucker in the accounting department. Throughout his employment, Schmucker did not manage or supervise other employees, and his duties did not require him to exercise independent judgment or discretion. Schmucker routinely worked in excess of forty hours per work week. Precision knew that Schmucker worked hours beyond those that he recorded, and, in an attempt to circumvent its obligations to pay him overtime, manipulated his job title and classified him as an independent contractor. Precision also made improper deductions from his salary. (Compl., ECF No. 1.)

In April 2015, Schmucker filed suit against Precision, asserting willful failure to pay overtime wages, in violation of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201-219, and the Missouri Minimum Wage Law, Mo. Rev. Stat. §§ 290.500 *et seq.* Schmucker also asserts breach of the covenant of good faith and fair dealing. He seeks to recover, among other relief, unpaid overtime wages and liquidated damages. *Id.*

Precision filed an Answer to the Complaint and a Counterclaim Complaint, asserting claims for breach of fiduciary duty, professional negligence, and fraudulent and negligent misrepresentation. (Answer, ECF No. 4.) Precision alleges the following facts:

> 9. One of Schmucker's more specific responsibilities in his role as Accountant for Precision Irrigation included ensuring proper payments for the Company's bulk fuel purchases.
>
> 10. In late 2013, the Company discovered that, over the past approximately three years, Schmucker had been paying the fuel bills late and incurring excessive fees as a penalty for late payments. Upon discovery of these fees, the Company had accrued approximately $30,000 in penalties as a result of Schmucker's late payments.
>
> 11. Schmucker admitted to incurring the $30,000 in penalties. In lieu of termination, Schmucker agreed to pay the Company back for $15,000 of the total penalty amount. Schmucker indicated that he wanted to make payments by way of $75.00 deductions from his pay check per pay period. The Company agreed to this payment schedule.
>
> 12. To date, Schmucker has only repaid $1,575.00 of his original $15,000 repayment obligation. Accordingly, Schmucker still owes the Company $13,425.00 for the penalties he accrued.

*Id.* ¶¶ 9-12. Schmucker was also responsible for ensuring proper payment of housing costs, renewal or cancellation of apartment leases for the Precision's seasonal workers, and payment of life insurance premiums for Precision's owners. In October and November 2014, Precision discovered that Schmucker had paid housing costs late, and had incurred penalties in the approximate amount of $4,500; that he had failed to give sufficient notice in order to terminate

various housing leases, thereby forcing Precision to pay approximately $3,000 in rent for vacant apartments; and that he had failed to pay quarterly premiums for the owners' life insurance policies, causing the policies to lapse, and resulting in Precision paying approximately $2,000 more annually in premiums for a new policy. In April 2015, Precision also discovered that Schmucker had made multiple reimbursements to himself for unidentified expenses, totaling approximately $1,338.50. *Id.* ¶¶ 13-19.

In addition to declaratory relief and attorneys' fees, Precision seeks judgment against Schmucker "for a sum that will adequately and completely compensate [Precision] for the extent of its damages." *Id.* ¶¶ 24, 28, 32, 38. Precision maintains that the Court has supplemental jurisdiction over its counterclaims under 28 U.S.C. § 1367. *Id.* ¶ 3.

As mentioned above, Schmucker now moves to dismiss Precision's counterclaims for lack of jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim, pursuant to Rule 12(b)(6). (ECF No. 6.)

## **DISCUSSION**

Plaintiff's Motion first asserts that the Court lacks subject matter jurisdiction over Precision's counterclaims. "[J]urisdiction is a threshold question and must be answered before all other questions." *Ginters v. Frazier*, 614 F.3d 822, 826 (8th Cir. 2010).

Pursuant to section 1367, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related…that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Claims are part of the same case or controversy if they "derive from a common nucleus of operative fact." *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1997) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725

(1966). "A plaintiff's claims derive from a common nucleus of operative fact if the claims are such that he would ordinarily be expected to try them all in one judicial proceeding." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 350 (8th Cir. 2007) (internal quotation and citation omitted).

A federal court may, in its discretion, decline to exercise supplemental jurisdiction over a state law claim if the claim involves complex issues of state law; state law claims predominate over federal claims; all federal claims have been dismissed; or, under exceptional circumstances, a compelling reason exists to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c); *Innovative Home Health Care, Inc. v. P.P.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1287 (8th Cir. 1998).

Schmucker argues that supplemental jurisdiction does not exist, in part because "there is very little overlap" in the evidence relevant to Schmucker's FLSA claim and the evidence relevant to Precision's counterclaims, as the former claim is a narrow and well defined claim for unpaid overtime, and the latter claims are not concerned with the number of hours Schmucker worked or his compensation. (ECF Nos. 6, 7.) Precision contends that supplemental jurisdiction exists because the claims "derive from a common nucleus of operative facts"—namely, the nature and scope of Schmucker's employment duties, and the reason for the deductions from his salary—and will thus rely on the same evidence. (ECF No. 35.)

The Court finds that Schmucker's FLSA claim and Precision's counterclaims do not derive from a common nucleus of operative fact. Schmucker's FLSA claim will require consideration of evidence related to the scope of Schmucker's employment duties, the number of hours he worked, and his compensation, or lack thereof, for any overtime he worked. Precision's counterclaims will require consideration of evidence primarily related to Schmucker's

4

performance of his employment duties, the alleged deficiencies of which bear no relationship to

the numbers of hours he worked or Precision's wage and hour policies. *See Herbst v. Ressler &*

*Assocs. Inc.*, No. 4:13-CV-2327 CAS, 2014 WL 4205294, at \*4-5 (E.D. Mo. Aug. 22, 2014)

(supplemental jurisdiction did not exist over fraud counterclaim to extent it related to plaintiff's

alleged concealment of information, because it did not "involve plaintiff's duties or hours of

work"). This is not a case where the defendant employer's allegations relate to the number of

hours the plaintiff worked, or the plaintiff's compensation; Precision has not alleged, for

example, that Schmucker perpetrated fraud by falsifying his time records. *Cf. Herbst*, 2014 WL

4205294 at \*4-5 (supplemental jurisdiction existed over fraud counterclaim to extent it related to

allegations that defendant was entitled to recover compensation it had paid to plaintiff for time

he claimed he was working but actually was not; both claims required "a determination whether

plaintiff actually worked when he claimed to have worked, and what he was paid"); *Ahle v.*

*Veractiy Research Co.*, 641 F. Supp. 2d 857, 863 (D. Minn. July 28, 2009) (supplemental

jurisdiction existed over counterclaims for breach of duty of loyalty and intentional or negligent

misrepresentation, where defendant alleged that plaintiffs falsified time and mileage reports and

failed to perform required duties while being compensated by defendant).[1] The Court therefore

concludes that the claims are not so related that they form part of the same case or controversy.

---

[1] The Court notes that the cases Precision relies on are similarly distinguishable, because the
state law claims asserted therein bore relationships to the employer defendants' compensation
practices. *See Chaluisan v. Simsmetal East LLC*, 698 F. Supp. 2d 397, 401-03 (S.D.N.Y. 2010)
(supplemental jurisdiction existed over plaintiff's state law claims for breach of contract and
unjust enrichment relating to employer's alleged failure to provide vacation pay and non-
discretionary bonus); *Thomas v. EONY LLC*, No. 13-CV-8512 (JPO), 2015 WL 1809085, at \*5
(S.D.N.Y. Apr. 21, 2015) (supplemental jurisdiction existed over state law wage and hour
claims); *Coyne v. Trs. of Dartmouth Coll.*, No. 14-cv-517-SM, 2015 WL 1457900, at \*5 (D.N.H.
Mar. 30, 2015) (supplemental jurisdiction existed over state law claims for breach of contract
and negligent infliction of emotional distress, as "resolution of both Coyne's state and federal
claims [involved] testimony about her job responsibilities, the hours she worked, the hours for

Furthermore, even if the Court found that Precision's counterclaims were so related to Schmucker's FLSA claim that they formed part of the same case or controversy, the Court would decline to exercise supplemental jurisdiction because of the concern that the state law claims would substantially predominate over Schmucker's FLSA claim. *See* 28 U.S.C. § 1367(c); *Innovative Home Health Care*, 141 F.3d 1284 at 1287.

Therefore, Precision's counterclaims will be dismissed for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). Because the Court concludes that it lacks jurisdiction over Precision's counterclaims, it need not address the parties' Rule 12(b)(6) arguments .

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Timothy Schmucker's Motion to Dismiss Counterclaim (ECF No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Precision Irrigation, Inc.'s counterclaims (ECF No. 4) are **DISMISSED without prejudice**.

Dated this 22nd day of October, 2015.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

which she was paid, the amounts she was paid, the record-keeping practice of the college, and the events leading up to the termination of her employment").